FILED
GREAT FALLS DIV.

'06 SEP 21 PM 2 09

PATRICK ... ...ERK
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| IN RE THE BANKRUPTCY OF JERRY WAYNE SCHUSTER, | CV-06-18-GF-SEH<br><br>**MEMORANDUM AND ORDER** |

## INTRODUCTION

On March 3, 2006, Creditor Cindy James (Appellant) and Darcy M. Crum, Chapter 7 Trustee, (Trustee) filed an appeal from the United States Bankruptcy Court for the District of Montana's Order issued February 24, 2006, in In re Jerry Wayne Schuster, Case No. 05-65049 (Case No. 05-65049). On March 3, 2006, both Appellant and Trustee filed Statements of Election to have the appeal heard in this Court. On March 6, 2006, the Notice of Referral of Appeal was filed in this Court and on March 8, 2006, a briefing schedule was established. On April 18, 2006, Appellant and Trustee filed their opening brief. Appellee Jerry Wayne Schuster (Debtor) responded on May 22, 2006. Appellant and Trustee filed a reply on June 9, 2006.

## BACKGROUND

Bankruptcy Judge Ralph B. Kirscher conducted a hearing on February 23, 2006, on Appellant and Trustee's objections to Debtor's claim of homestead exemption in Unit 42 of the

Devonshire Condominiums in Great Falls, Montana (Unit 42). The objections were overruled upon conclusion of the Appellant and Trustee's case-in-chief.

Judge Kirscher found: (1) "the Debtor owns Unit 42 and lived in it until 1995, but has not lived in it for more than 10 years," (Order at 1 (Feb. 24, 2006), Case No. 05-65049; (2) the Debtor "intends to move back into Unit 42 after his dog dies," (Order at 1 (Feb. 24, 2006), Case No. 05-65049; and (3) Appellant and the "Trustee offered no sworn testimony or other evidence showing that the Debtor does not intend to reoccupy Unit 42, or that he has abandoned that homestead," (Order at 2 (Feb. 24, 2006), Case No. 05-65049.

The appeal raises three interrelated objections to the Bankruptcy Court ruling: (1) "[t]he Evidence is Insufficient to Support the Debtor's Allegation That he Intends to Move Back Into Unit 42," (Appellants' Brief at 7 (April 18, 2006)(Appellants' Brief); (2) "[t]he Debtor has Abandoned, Relinquished, and Waived his Interest in Unit 42 . . . and it Does Not Constitute His Homestead," (Appellants' Brief at 9); and (3) "[t]he Request for a Homestead Exemption is an Attempt to Avoid Payment of Child Support" obligations, (Appellants' Brief at 11). This Court's decision, however, is otherwise grounded.

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 158. The standard of review is: Legal conclusions are reviewed *de novo*; factual determinations are reviewed for clear error. See Olshan v. U.S., 356 F.3d 1078, 1083 (9th Cir. 2004).

The core issue, at bottom, is whether, under state law, the Debtor was entitled to assert a homestead exemption on property in which he had not resided for over ten years. See In re Peterson, 106 B.R. 229, 231 (1989)(citing Myers v. Matley, 318 U.S. 622, (1943); White v.

Stump, 266 U.S. 310 (1924); In re Mutchler, 95 B.R. 748, Mont. B.R. 388 (Bankr. D. Mont. 1989)). "[H]omestead exemptions are to be liberally construed in favor of the Debtor." Id. (citing Neel v. First Federal Savings and Loan Association, 207. Mont. 376, 675 P.2d 96 (1984); Oregon Mortgage Co. V. Dunbar, 87 Mont. 603, 289 P. 559 (1930)). See also Glass v. Hitt, 60 F.3d 565, 570 (9th Cir. 1995).

Several provisions of Montana law are relevant to the analysis:

1. Mont. Code Ann. § 70-32-105(2006) provides: "[t]he person selecting a homestead must execute and acknowledge, in the same manner as a grant of real property is acknowledged, a declaration of homestead . . . ."

2. Montana law further requires that "[t]he declaration of homestead must contain a statement that the person making it is *residing* on the premises and claims them as a homestead and a description of the premises." Mont. Code Ann. § 70-32-106 (2006)(emphasis added).

3. "Residence" is defined by statute:

> Every person has, in law, a residence. In determining the place of residence, the following rules are to be observed:
>
> (1) It is the place where a person remains when not called elsewhere for labor or other special or temporary purpose and to which he returns in seasons of repose.
>
> (2) There may only be one residence. . . .
>
> (3) A residence cannot be lost until another is gained.

Mont. Code Ann. § 1-1-215((1)-(3)(2006).

The Bankruptcy Court's "general rule is that an individual asserting a homestead exemption must reside on the premises. In re Vaughn, 16 Mont. 182, 183 (Bankr. D. Mont.

1997)(citing Mont. Code Ann. § 70-32-106; In re Luthje, 7 Mont. B.R. 291, 297 (Bankr. D. Mont. 1989)). That court, however, has held on several occasions that a temporary absence from a homestead does not require disallowance of a homestead exemption. See e.g., In re Schmitz, 16 Mont. B.R. 512, 515-18 (Bankr. D. Mont. 1998)(finding a valid homestead where the debtor only left her claimed residence for employment); In re Mackenzie, 16 Mont. B.R. 338, 341-43 (Bankr. D. Mont. 1998)(finding a valid homestead where the debtor only left her claimed residence for employment, rented out residence, but exhibited by specific actions an intent to return to residence); In re Vaughn, 16 Mont. at 183 (finding a valid homestead where the debtor did not occupy the marital residence, "but whose estranged spouse and children continued to occupy the residence"); In re Loeb, 12 Mont. B.R. 524, 527-28 (Bankr. D. Mont. 1993)(held debtor did not abandon his property). Specifically, the Bankruptcy Court has held a debtor did not abandon his homestead where he indicated an intent to reoccupy it. In re Mackenzie, 16 Mont. B.R. at 341-43.

This case is unlike those where the Bankruptcy Court found a valid homestead notwithstanding the debtor's absence from the declared residence. The Debtor here did not leave Unit 42 for employment. See In re Schmitz, 16 Mont. B.R. at 515-18; In re Mackenzie, 16 Mont. B.R. at 341-43. And, although, Debtor testified he intended to reoccupy Unit 42, he has not done so. See In re Mackenzie, 16 Mont. B.R. at 341-43.

Under Mont. Code Ann. § 70-32-106, the debtor must have been residing on the premises of the property to be declared at the time of the filing of the declaration. Here, the Debtor did not "reside" at Unit 42 on October 11, 2005, the date the declaration was recorded. See Mont. Code Ann. § 1-1-215. He moved out of Unit 42 in 1992 and never moved back in. On the record, the

conclusion is inescapable that the asserted homestead was invalid when filed. Further inquiry is unnecessary.

ORDERED:

The February 24, 2006, Order of the Bankruptcy Court in Case No. 05-65049 allowing the homestead exemption is VACATED. The homestead exemption is disallowed.

DATED this 21st day of September, 2006.

*/s/ Sam E. Haddon*
SAM E. HADDON
United States District Judge